UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
DUANE E. BEATY,

                Movant,

          -against-                                11 Civ. 8596 (LAK)

                                                      (03 Cr. 1364 (LAK))

UNITED STATES OF AMERICA,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## MEMORANDUM OPINION

LEWIS A. KAPLAN, *District Judge.*

        Movant Duane E. Beaty pled guilty to robbery and conspiracy to commit robbery; using and possessing a firearm in furtherance of the robbery and conspiracy to commit robbery; causing an individual's death through use of a firearm; and using and possessing a firearm in connection with drug trafficking activities.[1] He was sentenced to two consecutive terms of life imprisonment, and currently is incarcerated in Green Haven Correctional Facility. Beaty appealed this sentence. The Court of Appeals rejected his argument that the sentence – which was within the recommended range under the sentencing guidelines – was substantively unreasonable, and affirmed.[2] Beaty alleges that he did not file any further application for relief from this conviction or sentence after his appeal.[3]

---

[1] *See United States v. Parkes*, No. 03 Cr. 1364-2 (LAK), DI 64, (S.D.N.Y. June 14, 2006)

[2] *See United States v. Beaty*, 252 Fed. Appx. 373 (2d Cir. Oct. 30 2007).

[3] Mot. at 2.

Beaty now seeks relief under 28 U.S.C. § 2255. He challenges both his conviction and sentence on the ground that his trial and appellate counsel were ineffective, in violation of his rights under the Sixth Amendment to the United States Constitution.[4]

A federal prisoner seeking relief under Section 2255 ordinarily must file the motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claims could have been discovered through the exercise of due diligence.[5] The one year period, however, may be tolled in "extraordinary or exceptional circumstances."[6]

In this case, the mandate reflecting the affirmance of the judgment against Beaty issued on November 26, 2007. Absent equitable tolling, the one year prescriptive period began to run upon the expiration of the time within which to seek a writ of certiorari from the Supreme Court, which occurred on February 24, 2008.[7] While Beaty's motion is undated and there is no definitive evidence as to exactly when he placed it in the hands of prison authorities for mailing, it was received by the Court on November 21, 2011.[8] Accordingly, the motion initially appeared to be

---

[4] *Id.* at 6 & Ex. A ("Accusations and Violation of Constitution") at 2.

[5] *See* 28 U.S.C. § 2255(f)

[6] *E.g., Valverde v. Stinson,* 224 F.3d 129, 133 (2d Cir. 2000) (internal quotation marks and citation omitted).

[7] *Ross v. Artuz,* 150 F.3d 97, 98 (2d Cir.1998).

[8] DI 1.

3

untimely by a wide margin. Nevertheless, the Court directed Beaty to show cause why it should not be dismissed on that ground in order to afford him every opportunity to establish the contrary.[9] The order, moreover, noted that Beaty should set forth any facts showing that he had been pursuing his rights diligently, that some extraordinary circumstance prevented him from filing this motion earlier, and "why he waited until November 2011 to file this Motion after learning about the Court of Appeal's [*sic*] decision in February 2009."[10] It now has had the benefit of his response. Notably, Beaty has not suggested that he placed the motion in the hands of prison authorities for mailing any earlier than November 2011. The Court therefore adopts the assumption most favorable to Beaty, viz. that the motion is deemed to have been mailed on November 1, 2011.

Beaty's argument, construing it most generously in his favor, is that the running of the limitations period was equitably tolled until at least some time after November 1, 2010, because his appellate attorney did not inform him of the Court of Appeals' decision. But Beaty acknowledges that he filed a complaint against his appellate attorneys with disciplinary authorities in New York's Tenth Judicial District in late April 2010 based on their failure to notify him of the decision and that he received the attorneys' response to that complaint on May 27, 2010.[11] Therefore Beaty admittedly knew of the Court of Appeals' decision, knew that he had not received timely notice of it, and knew of the attorneys' explanation for the lack of notice no later than that date. He therefore was fully aware of the "facts supporting the claims" underlying the motion at

---

[9] 03 Crim. 1364 (LAK), DI 142.

[10] *Id.*

[11] Supporting Br. at 6, Ex. D at 1-2.

4

least by then.  Thus, even assuming that the statute was tolled until May 27, 2010,[12] the one year period expired no later than May 27, 2011, months before the deemed filing of the motion, absent some other basis for further equitable tolling.  It remains, then, to consider whether Beaty – who was urged to come forward with any evidence supporting an equitable tolling argument[13] and who has the burden of proof on the issue[14] – has adduced any basis for any further toll of the statute.

In order to gain the benefit of equitable tolling, the proponent "must establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"[15]  But Beaty fails on both criteria.

While the record shows that Beaty contacted the Clerk's Office of this Court on September 9, 2010, asking for advice on how to file a Section 2255 motion, there is no explanation for his failure to have done so between May 27, 2010 – the latest possible date by which he knew of all of the pertinent facts supporting his claim, and September 9, 2010.  That delay is inconsistent with, or at least undercuts severely, any claim of diligent prosecution of his claim.  But the Court need not rely on this basis in order to conclude that equitable tolling has not been established here, at least beyond May 27, 2010.  For Beaty's argument would fail for want of any showing of extraordinary circumstances that prevented timely filing after May 27, 2010.

Beaty of course presumably was handicapped in filing earlier than he did by the fact that he is not well educated or trained in the law.  But equitable tolling requires considerably more

---

[12] *See* 28 U.S.C. § 2255(f)(4).

[13] DI 3.

[14] *See, e.g., Bolarinwa v. Williams,* 593 F.3d 226, 231 (2d Cir. 2010).

[15] *Id.* (quoting *Lawrence v. Florida,* 549 U.S. 327, 336 (2007)).

5

than that. "[T]he lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations."[16]  Indeed, in our circuit, even mental illness is insufficient absent "a 'particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights.'"[17]  A finding here that lack of legal training warrants equitable tolling would be contrary to AEDPA itself.[18]

In all the circumstances, the motion [ DI 1] is denied as time-barred.  The Clerk shall close the case.  A certificate of appealability is denied, and the Court certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated:       February 7, 2012

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[16] *E.g., United States v. Petty,* 530 F.3d 361, 366 (5th Cir. 2008); *accord Doe v. Menifee*, 391 F. 3d 147, 175 (2d Cir. 2004) ("*Pro se* status does not in itself constitute an extraordinary circumstance meriting tolling."); *Voravongsa v. Wall*, 349 F.3d 1, 7 (1st Cir. 2003). Ignorance of AEDPA is insufficient to toll the statute of limitations also.  *See Velasquez v. United States*, 4 F. Supp. 2d 331, 334 (S.D.N.Y. 1998).

[17] *Bolarinwa,* 593 F.3d at 232 (quoting *Boos v. Runyon,* 201 F.3d 178, 185 (2d Cir.2000)).

[18] There is no constitutional right to counsel in federal habeas proceedings.  *See United States v. Doe*, 365 F.3d 150, 155 (2d Cir. 2004).  Therefore a determination that any prisoner who does not have legal training is entitled to equitable tolling while he or she pursues possible habeas remedies would be tantamount to an abrogation of the one-year statute of limitations that Congress provided.