S.D.N.Y. – N.Y.C.
03-cr-1364
11-cv-8596
Kaplan, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand twenty.

Present:
    John M. Walker, Jr.,
    Dennis Jacobs,
    Joseph F. Bianco,
        *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug 26 2020

Duane E. Beaty,

        *Petitioner*,

    v.

United States of America,

        *Respondent*.

16-1827

Petitioner moves for leave to file a successive 28 U.S.C. § 2255 motion, primarily based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019). Petitioner argues, inter alia, that his 18 U.S.C. § 924(c) and (i) convictions predicated in part on conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 are no longer valid after *Johnson* and *Davis*. Upon due consideration, it is hereby ORDERED that the stay previously entered by this Court is lifted, Petitioner's motion for leave to file a successive § 2255 motion is GRANTED, and this proceeding is TRANSFERRED to the district court. *See* 28 U.S.C. § 1631. Petitioner has made a prima facie showing that the proposed § 2255 motion satisfies the requirements of § 2255(h).* *Bell v. United States*, 296 F.3d 127, 128 (2d Cir. 2002) (per curiam).

---

\* For present purposes, we rely on the pleadings in the present proceeding and the indictment, cooperation agreement, plea colloquy transcript, and judgment found at S.D.N.Y. 11-cv-8596, doc. 1 (Petitioner's prior § 2255 motion and attachments) for the relevant details of Petitioner's counts of conviction.

CERTIFIED COPY ISSUED ON 08/26/2020

For the purposes of this order, we have not examined any other arguments or claims raised by Petitioner. *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("The court of appeals must examine the [successive] application to determine whether it contains any claim that satisfies . . . § 2255[(h)]. If so, the court should authorize the prisoner to file the entire application in the district court, even if some of the claims in the application do not satisfy the applicable standards.").

We acknowledge that Petitioner's § 924(c) and (i) convictions might still be supported by a valid predicate, even if one of the predicates is no longer valid after *Johnson* and *Davis*. However, making that determination in the present case would require detailed review of the criminal proceedings and factfinding that the district court is better suited to perform, particularly since portions of the record are not currently available to this Court. More importantly, that type of detailed review and factfinding is generally inappropriate in a gatekeeping proceeding where the Court only needs to determine whether a prima facie showing has been made and the Court is statutorily required to reach a decision quickly (or as quickly as circumstances permit). *See In re Cannon*, 931 F.3d 1236, 1243 (11th Cir. 2019).

As a consequence of our order, the district court will have the preliminary task of determining whether the claims in Petitioner's § 2255 motion – as to which we have only concluded that a prima facie showing has been made as to one of those claims – satisfy the threshold requirements governing successive § 2255 motions, including those set forth in 28 U.S.C. §§ 2244(a), 2244(b)(3)-(4), and 2255(h). *See Massey v. United States*, 895 F.3d 248, 251 (2d Cir. 2018).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit