

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 26, 2021

**By ECF**
Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Duane Beaty*, 03 Cr. 1364 (LAK), 15 Civ. 8637 (LAK)

Dear Judge Kaplan:

      The Government writes to advise the Court of the Second Circuit's recent decision in *United States v. McCoy*, __ F.3d __, 2021 WL 1567745 (2d Cir. April 22, 2021). *McCoy* resolves the primary issue relevant to defendant Duane Beaty's pending motion pursuant to 28 U.S.C. § 2255 to vacate his conviction for using a firearm during and in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)—namely, whether attempted Hobbs Act robbery, which is one of the predicates for Beaty's Section 924(c) conviction, is a "crime of violence" under the force clause of 18 U.S.C. § 924(c)(3)(A). *McCoy* holds that it is—siding with the majority of other circuits that have considered the same issue. *See* 2021 WL 1567745, at *20 ("we hold that Hobbs Act attempted robbery qualifies as a crime of violence under § 924(c)").

      *McCoy* rejected the argument that attempted Hobbs Act robbery can be committed by a mere attempt to threaten force, holding that the appellants failed to establish a realistic probability that a defendant could violate the Hobbs Act statute on an attempt-to-threaten theory without actually using or threatening the use of force. *See McCoy,* 2021 WL 1567745, at *19-20 ("an attempt to commit Hobbs Act robbery using force necessarily involves the 'attempted use . . . of force' under § 924(c)(3)(A), and . . . even though a conviction for an inchoate attempt to threaten is theoretically possible, [the appellants] have not shown that there is a 'realistic probability' that the statute will be applied in such a manner[.]"). The *McCoy* court reasoned that "even if a defendant's substantial step does not itself involve the use of physical force, a defendant must necessarily intend to use physical force and take a substantial step towards using physical force, which constitutes 'attempted . . . use of physical force' within the meaning of § 924(c)(3)(A)." *Id.* at 19 (internal citation omitted).

In light of *McCoy*, and for the reasons set forth in the Government's opposition brief, *see* Dkt. 207, Beaty's motion should be denied.

        Respectfully submitted,

        AUDREY STRAUSS
        United States Attorney

By:    */s/ Elizabeth Hanft*
        Elizabeth A. Hanft
        Assistant United States Attorney
        (212) 637-2334

CC:   Duane Beaty (by mail)
      Reg. No. 55887-054