UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
DUANE BEATY,

                Movant,

    -against-

UNITED STATES OF AMERICA,

                Respondent,.
------------------------------------x

15-cv-08637 (LAK)
(03-cr-01364 (LAK))

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

In October 2004, movant Duane Beaty pled guilty to a six count information. Dkt. 207-1.[1] Count One charged him with conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951. Count Two charged him with attempted Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2. Count Three charged him with using, carrying, and possessing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(a)(iii) and 2. Count Four charged him with using, carrying, and possessing a firearm during and in relation to a crime of violence and causing death through the use of a firearm in violation of 18 U.S.C. §§ 924(i)(1) and 2. Count Five charged him with a narcotics conspiracy in violation of 21 U.S.C. § 846. Finally, Count Six charged him with using a firearm during and in furtherance of a drug trafficking crime. The "crime[s] of violence" identified in Count Three and Count Four were attempted Hobbs Act robbery and conspiracy to commit Hobbs Act robbery i.e., both Count One and Count Two.

---

[1] Docket numbers refer to 03-cr-01364 unless otherwise noted.

Beaty was sentenced to 240 months on Counts One and Two, 120 months on Count Four, and 120 months on Count Five, all to run concurrently. Dkt. 92. He was sentenced also to life imprisonment on Count Three, to run consecutively to the sentences on Counts One, Two, Four, and Five, and an additional term of life imprisonment on Count Six, to run consecutively to the sentences on Counts One through Five. *Id.* On October 30, 2007, the Second Circuit affirmed his sentence. *See United States v. Parkes*, 252 F. App'x 373 (2d Cir. 2007). As described in the government's opposition, Beaty has previously moved to vacate his sentence under 28 U.S.C. § 2255 and sought leave in the Second Circuit to file successive motions under that Section. *See* Dkt. 207 at 6 7. These prior motions were denied. *Id.*

On June 9, 2016, Beaty moved in the Second Circuit for leave to file a successive Section 2255 motion – which was contained within his motion seeking leave – primarily attacking his section 924(c) conviction (Count Three) based on the Supreme Court's decision in *United Sates v. Johnson*, 135 S. Ct. 2551 (2015). No. 16 1827 (2d Cir.), Dkt. 2. He claimed also that the government lacked jurisdiction to prosecute him under the Hobbs Act and that the statute of limitations barred his conviction on the narcotics conspiracy. *Id.* Beaty later filed supplemental papers in the Second Circuit raising the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). *Id.* at Dkt. 27. On August 26, 2020, the Second Circuit granted his motion. *Id.* at Dkt. 40.

This Court subsequently ordered the Government to file its opposition to Beaty's Section 2255 motion by October 26, 2020 and directed Beaty to file any reply 30 days thereafter. Dkt. 200. The government's opposition was timely filed but the Court did not receive any papers from Beaty until a few weeks ago when he submitted a reply brief dated June 16, 2021. Dkt. 207, 217. In his reply brief, Beaty clarified that his *Johnson* and *Davis* challenge is based on his

conviction on Count Three. Dkt. 217 at 2 ("Count three . . . the Count Beaty seeks to challenge."). In addition, he withdrew the jurisdictional and statute of limitations arguments raised in his original motion. *Id.* at 11.

It now has come to the Court's attention that on April 29, 2021, Beaty filed a motion in the Second Circuit instead of this Court seeking an extension of time to file his reply brief. No. 16-1827 (2d Cir.), Dkt. 46. Beaty there explained that he did not receive the government's opposition when it was filed because he was then being transferred to a new facility. *Id.* He claimed that he only recently found out about the government's opposition from an unnamed source who had access to Pacer. *Id.* Ultimately, he sought permission to file his reply brief on June 14, 2021 based on the above circumstances and his limited access to the law library due to COVID-19 restrictions. *Id.* The Second Circuit docket reflects that this motion was returned on May 4, 2021. *Id.* at Dkt. 48.

### *Discussion*

As an initial matter, the Court has discretion to accept untimely filings in cases of excusable neglect, including "delays caused by inadvertence, mistake, or carelessness . . . at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit." *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (internal citation and quotation marks omitted). Here, Beaty's reply brief was filed over six months after it was due. On the other hand, shortly after discovering that the government had filed its opposition, he tried to obtain additional time to file his reply brief but mistakenly filed that request in the wrong court. The government would not be prejudiced by the Court's considering Beaty's untimely filing. To the contrary, his reply brief clarifies the basis of his motion and narrows the

issues for decision. Accordingly, the Court exercises its discretion to accept Beaty's reply brief.

Beaty has abandoned and waived his arguments based on jurisdiction and the statute of limitations. Dkt. 217 at 11. Accordingly, the sole question before the Court is whether *Johnson* and *Davis* require vacatur of Count Three.[2] The Court concludes that they do not, substantially for the reasons set forth in the government's opposition and March 26, 2021 letter. Dkt. 207, 211.

In particular, Beaty's conviction on Count Three is predicated *both* on attempted Hobbs Act robbery and on conspiracy to commit Hobbs Act robbery. "In the context of section 924(c) convictions, the Second Circuit and courts in this District have held that the invalidity of one predicate conviction does not warrant vacatur of a section 924(c) conviction where there are other valid predicates." *Speed v. United States*, No. 16 cv-4500 (PKC), 2020 WL 7028814, at *5 (S.D.N.Y. Nov. 30, 2020) (collecting cases). Here, Beaty pled guilty to attempted Hobbs Act robbery which remains a valid predicate for his conviction on Count Three. *See United States v. McCoy*, 995 F.3d 32, 57 (2d Cir. 2021) ("we hold that Hobbs Act attempted robbery qualifies as a crime of violence under § 924(c)"). In addition, Beaty specifically allocuted to carrying a firearm during the attempted robbery. Tr. [Dkt. 207-1] at 16-17. This is sufficient to sustain his conviction on Count Three.

---

[2] The Court notes that the Second Circuit order granting leave to file the successive Section 2255 motion referred not only to 18 U.S.C. § 924(c) the basis for the conviction on Count Three that Beaty challenges here – but also to 18 U.S.C. § 924(i). No. 16-1827 (2d Cir.), Dkt. 40. Beaty did not seek leave to contest his conviction on the later statute in his motion in the Second Circuit. *Id.* at Dkt. 2. Nor did he do so in his reply papers filed in this Court in support of his Section 2255 motion after the Second Circuit granted leave. Dkt. 217. Accordingly, any challenge to the Section 924(i) conviction has been waived. In any case, the Court would not vacate Beaty's Section 924(i) conviction substantially for the same reasons it denies Beaty's motion to vacate his conviction under Section 924(c).

## *Conclusion*

Beaty's motion to vacate his conviction is denied. A certificate of appealability is denied, and the Court certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3). The Clerk shall mail a copy of this order to the defendant.

SO ORDERED.

Dated: July 7, 2021

Lewis A. Kaplan
United States District Judge